Opinion
PFOTENHAUER, J.
Prior to the decision in Grimes v. Hoschler (1974) 12 Cal.3d 305 [115 Cal.Rptr. 625, 525 P.2d 65], a contractor was subject to disciplinaiy action under section 7113.5 of the Business and Professions Code in the event he was adjudicated a bankrupt. The court in the Grimes decision found this provision of the statute to be invalid under the supremacy clause of the United States Constitution as being in conflict with the Federal Bankruptcy Act.
The issue in this appeal is whether such ruling affects the obligation of the surety which issued the licensing bond for the benefit of the contractor.
*Supp. 22 The following are the facts involved in this appeal:
In 1971, defendant issued its bond to enable the licensing of Lawrence K. McCutchen Construction. The latter became indebted to plaintiff in 1973 for construction equipment that had been rented. The bond issued by defendant was cancelled in February 1974. In July 1974, McCutchen filed a voluntary petition in bankruptcy and was discharged in May 1975. In June 1975, the trial court found McCutchen was indebted to plaintiff in the sum of $3,710 but limited the judgment in favor of plaintiff to $500, being the principal sum remaining under the bond.
Section 7071.5 of the Business and Professions Code establishes three categories of individuals who may seek recovery against a licensing bond of a contractor. Plaintiff’s action is one which comes within the provision of this section which provides the bond “shall be for the benefit of (a) any person damaged as a result of a violation of this chapter by the licensee.”
Applicable provisions of the Business and Professions Code specify a number of grounds upon which disciplinary action may be asserted against a contractor. The sole ground, however, upon which plaintiff framed its action as disclosed by the findings of the trial court and the settled statement on appeal is that set forth in section 7113.5 of said code which then provided for discipline of a contractor upon his “adjudication in bankruptcy.” It should be noted that a 1975 amendment to this section eliminated the above quoted portion from the statute.
Plaintiff, in support of the judgment rendered in its favor, contends that the Grimes decision is limited in its application to the licensing of the contractor and is without effect upon the obligation of the. surety under a bond issued for the benefit of the contractor. This we find is without merit.
The obligation of the surety arises out of the statute and as such is limited in its exposure to conditions set forth by statute. Thus, no greater burden may be imposed upon the surety than that specifically set forth by statute. When the Grimes decision eliminated one of the grounds upon which discipline could be had against a contractor, the basis of the surety’s obligation was likewise narrowed.
*Supp. 23 Accordingly, the judgment of the trial court is reversed with directions to enter judgment in favor of defendant.
Peery, P. J., and Drewes, J., concurred.